PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN GUARINO GEDEON, | ) | |
| | ) | CASE NO. 4:22CV441 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MICHELLE NICOLE FRENCHKO, *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |

"Courts have long recognized that 'the trial court may *sua sponte* issue a Gag Order upon the parties to the litigation without an evidentiary hearing.'" *Aaron v. Durrani*, No. 1:13-CV-202, 2013 WL 12121516, at *1 (S.D. Ohio Oct. 1, 2013) (quoting *Affeldt v. Carr*, 628 F. Supp. 1097, 1101 (N.D. Ohio 1985). "The right to a fair trial, both in civil and criminal cases, is one [of] our most cherished values, and [...] a trial judge should have the authority to adopt reasonable measures to avoid injury to the parties by reason of prejudicial or inflammatory publicity." *Durrani*, 2013 WL at *1 (quoting *CBS Inc. v. Young*, 522 F. 2d 234, 241 (6th Cir. 1975)). "Gag Orders fall within the Court's prerogative to maintain appropriate decorum in the administration of justice and to protect the rights of the litigants from prejudice." *Durrani*, 2013 WL at *1 (citing *Affeldt*, 628 F. Supp. at 1101).

"Before a court may properly and prospectively limit access to free speech, there must be specific findings demonstrating that there is: 1) a substantial probability that [a party's] right to a fair trial will be prejudiced by publicity that the Gag Order would prevent; and 2) there exists no reasonable alternative that will adequately protect [a party's] right to a fair trial." *Durrani*, 2013 WL at *1 (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 14 (1986)).

(4:22CV441)

In the instant matter, both elements are present. Defendant Michelle Nicole Frenchko ("Defendant Frenchko") has publicly commented on the instant matter. In specific, Defendant Frenchko has offered the following comments to a third-party new source:

> The instant action is an "effort to inhibit me from holding them accountable to the taxpayers. This lawsuit, like the others, will fail because I'm simply making people work for the taxpayers again. I will not be deterred by their outlandish claims nor their political stunts."
>
> "I am very sensitive to language. I've had to cut off dealing with certain people because they've made comments" that stereotype people.
>
> "My uncle is Honduran and Puerto Rican."
>
> "I have never made any comments to staff about their ethnic heritage or about anyone's heritage[.]"
>
> "That so bothers me that anyone would say anything. My family is immigrants ourselves, even the Eastern European half. We came over, and they worked in the coal mines and the steel mills."
>
> "I don't make ethnic slurs. It's disgusting and not who I am, not who I've been raised to be."

*See* https://www.vindy.com/news/local-news/2022/03/frenchko-responds-to-bigotry-allegations-lawsuit/ (last visited March 28, 2022). The Court is concerned that Defendant Frenchko's comments and others that may be made by any other party will taint prospective jurors.[1] There is substantial probability that each parties' right to a fair trial will be prejudiced by further inflammatory publicity the Gag Order is designed to prevent. Second, there exists no reasonable alternative because the most effective way to prevent the parties from offering additional public comment is to prohibit it through an Order.

---

[1] No defense response has yet been filed on the public docket. Defendants' responsive pleading is due May 23, 2022. *See* ECF Nos. 3, 4 (indicating Waiver of Service Returned).

(4:22CV441)

The Court hereby orders all parties to cease and desist from issuing public comment, either directly or indirectly, regarding matters touching upon the above-referenced case.  The parties may engage in appropriate workplace communications that do not regard this litigation.

IT IS SO ORDERED.

| March 28, 2022 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |