IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAWN GUARINO GEDEON | ) CASE NO.  4:22-cv-00441 |
| Plaintiff | ) |
| vs. | ) JUDGE BENITA Y. PEARSON |
| MICHELLE NICOLE FRENCHKO, et al. | ) **PLAINTIFF'S RESPONSE TO** |
| | ) **DEFENDANT FRENCHKO'S BRIEF IN** |
| Defendants. | ) **RESPONSE TO SHOW CAUSE ORDER** |

Now comes the undersigned counsel for Plaintiff, Dawn Guarino Gedeon ("Plaintiff"), and herewith sets forth a brief response to Defendant, Michelle Nicole Frenchko's ("Frenchko"), Response to this Court's Show Cause Order.  Further, counsel for Plaintiff must advise the Court of a potential additional violation of this Court's Order.

I.     **FACTUAL BACKGROUND**

On March 28, 2022, this Court properly issued a "Gag Order" governing all of the parties in light of the numerous media stories surrounding this and several other lawsuits filed against Frenchko in her role as a Trumbull County Commissioner.  The purpose of this Court's Order was clear and appropriate insofar as Frenchko has used social media and mainstream media as a weapon to attack this Plaintiff as well as other Plaintiffs and employees of Trumbull County.  The goal of these public attacks is clear insofar as Frenchko wants to taint the jury pool and mislead the public about the status of this and other pending cases.

For example, Frenchko has repeatedly made statements that the Ohio Civil Rights Commission has "dismissed" this Plaintiff's, as well as other Plaintiff's, complaints filed with that

administrative body. Frenchko fails to specify, however that under current Ohio law a Plaintiff is required to proceed first before administrative agencies (The Ohio Civil Rights Commission ("OCRC") or the Equal Employment Opportunity Commission ("EEOC") prior to filing a civil action in either state or federal court. Thus, Plaintiff is attempting to misstate the status and purpose of administrative options that were required to be taken prior to litigation.

Frenchko's comments will create confusion within the public about the claims being made in this and other Federal Court actions.

Even during these proceedings on the show cause motion, Frenchko again ran to social media, in this case Facebook, **and again discussed the allegations being in this and other litigated matter**. See Exhibit A.[1] On August 1, 2022, Frenchko responded directly to a question on Facebook posted by a Facebook participant as follows: "Tell me more about the lawsuit that was filed about comment of Italian." Frenchko's response is set forth in the attached exhibit.

At all times, Plaintiff has complied with this Court's March 28, 2022 Order. Counsel for Plaintiff resents the implication set forth in Footnote 3 of Frenchko's Response that Plaintiff "may have violated the gag order" by discussing the status of this case with co-workers. Counsel for Frenchko cites to no evidence whatsoever implicating Plaintiff's communications with anyone in or out of the media about the pendency of this case. It is outrageous that counsel for Frenchko would allege that "someone may have alerted to media (in advance of the Order issuing) to the alleged gag order violation," without citing a single witness or shred of evidence that this Plaintiff was involved in any such effort.

---

[1] The attached Exhibit A was provided to defense counsel on August 2, 2022 and the undersigned counsel believes this response cannot be fully made unless the Facebook entry in Exhibit A can be disclosed to the Court.

## II. APPLICABLE LAW

Courts distinguish between gag orders restraining the press and those restraining trial participants; the former is disfavored while the latter are generally upheld. *See Levine v. U.S. Dist. Court for Cent. Dist. of California*, 764 F.2d 590, 595–96 (9th Cir.1985) (explaining that the Supreme Court has disfavored gag orders on the press while lower courts have generally upheld those against trial participants). Regarding gag orders against trial participants, courts have recognized generally that judges must have wide discretion to protect the judicial process from unfair interferences. *Journal Pub. Co. v. Mechem*, 801 F.2d 1233, 1236 (10th Cir.1986) (explaining that judges must have "wide discretion" to protect the judicial process); *Farr v. Pitchess*, 522 F.2d 464, 469 (9th Cir.1975) (explaining that the right to a fair trial "cannot be so protected if the authority of the court to enforce its [gag] orders is diluted"). The Ohio Supreme Court has explained that this wide discretion includes the ability to issue gag orders. *State v. Grate*, 172 N.E.3d 8, 20 (Ohio 2020), *reconsideration denied*, 160 Ohio St.3d 1517, and *cert. denied*, 142 S.Ct. 143.

## III. CONCLUSION

In conclusion, this Court has discretion to issue and enforce Gag Orders – particularly those relating to the litigants themselves and Frenchko's efforts to mislead the public and taint the jury pool should be stopped.

    Respectfully submitted,
    */s/ Dennis R. Fogarty*
    DENNIS R. FOGARTY (0055563)
    **DAVIS & YOUNG**
    35000 Chardon Road, Suite 100
    Willoughby Hills, OH 44094
    Ph:  (216) 348-1700
    Fax: (216) 621-0602
    Email: dfogarty@davisyoung.com
    ***Attorney for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Court on August 8, 2022. Notice of this filing will be sent by operation of the Court's case management and electronic case filing system. Parties may access this filing through the Court's case management and electronic case filing system.

/s/ *Dennis R. Fogarty*
DENNIS R. FOGARTY (0055563)
*Attorney for Plaintiff*