IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN GUARINO GEDEON | ) | CASE NO.  4:22-cv-00441 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| vs. | ) | |
| | ) | |
| MICHELLE NICOLE FRENCHKO, et al. | ) | **PLAINTIFF'S BRIEF IN OPPOSITION** |
| | ) | **TO DEFENDANTS' MOTION TO** |
| Defendants. | ) | **COMPEL AND SHOW CAUSE** |

Now comes Plaintiff Dawn Guarino Gedeon ("Plaintiff"), by and through counsel, for her Brief in Opposition to the Motion to Compel and for Orders to Show Cause filed by Defendants Michelle Nicole Frenchko ("Frenchko") and the Trumbull County Commissioners (the "Commissioners") (collectively, "Defendants"), and states as follows:

**I.      INTRODUCTION**

Defendants in their motion request that this Court compel Lisa Blair ("Blair"), Christina Glenn ("Glenn"), and Shara Taylor ("Taylor") to respond to subpoenas *duces tecum* served upon them on October 11, 2022.  Blair and Glenn are clients of Plaintiff's counsel.  Additionally, Blair and Glenn have been involved in similar litigations against Defendants.  As such, Defendants have access to or will have access to all the information they need from these individuals through each of those separate proceedings.  Granting said motion would not only be impractical, but it would be a waste of the Court's resources.  For the reasons discussed below, Plaintiff respectfully requests

Defendants' Motion to Compel and for Orders to Show Cause be denied in regards to Lisa Blair and Christina Glenn.

### II. FACTS

Plaintiff filed a Complaint against Defendants for multiple claims arising out of Plaintiff's employment as a receptionist with Trumbull County. (*See generally* ECF 1). As stated in Defendants' motion, Plaintiff is not alone in these allegations. (ECF 48, PageID #342). Lisa Blair and Christina Glenn are either current and/or former employees of Trumbull County that have experienced similar treatment as Plaintiff.[1] Blair is in a separate federal lawsuit against Defendants within the Northern District of Ohio, while Glenn's Complaint was dismissed on November 22, 2022. *Glenn v. Frenchko, et al.,* Case No. 4:21-cv-02276.

On October 11, 2022, Defendants served subpoenas on Blair, Glenn, and Taylor. (ECF 36). Defendants sent a follow up letter regarding the status of their request to Plaintiff's counsel on December 17, 2022. On November 21, 2022, Plaintiff's counsel informed Defendants that they were in the process of preparing objections to the subpoena request. Nevertheless, on December 2, 2022, Defendants filed the present Motion to Compel Blair, Glenn, and Taylor to respond to the subpoenas and show cause why they should not be held in contempt of court for their failure to respond.[2]

### III. LAW AND ARGUMENT

#### A. Standard of Review

Federal Rule of Civil Procedure 45 governs subpoenas and states that one of the uses may be, "A command to produce documents, electronically stored information, or tangible things or to

---

[1] Shara Taylor is not a plaintiff in any proceeding relevant to this matter.
[2] Defendants have also failed to respond or provide any documents to Plaintiff's discovery requests. Defendants' refusal to be cooperative in discovery has forced Plaintiff to provide Notice of Discovery Dispute pursuant to Local Rule 37.1.

permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced." Fed.R.Civ.P. 45(a)(1)(C). This rule also lays out a courts authority to hold a party in contempt for failing to comply with a subpoena, stating, "The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed.R.Civ.P. 45(g).

### B. Lisa Blair

As of this moment, Defendants are currently involved in a similar litigation within the Northern District involving Blair. As such, any documentation Defendants seek from Blair are fully accessible to them through that pending case. Plaintiff does not doubt that due to the similarity of the lawsuits, discovery from each case will be used interchangeably with one another. As a result, enforcing a subpoena against Blair would be pointless since Defendants already have access to such documentation through the other proceeding. Granting the subpoena would only waste the Court's resources and have no value in this matter.

### C. Christina Glenn

Defendants requested a subpoena against Glenn on October 11, 2022. During this time, Glenn was still involved in a federal lawsuit in this Court against Defendants with similar claims. As a result of the pending matter, Plaintiff had anticipated the information requested by Defendants would be available during discovery (similar to that of Blair). However, the case was dismissed on November 22, 2022. Plaintiff plans to refile the matter and such document requests will once again be available through discovery. If the Court determines, in light of the intervening dismissal,

that Defendants' requests are due, Plaintiff asks the Court for 30 days to respond to Defendants' requests.

### D. Shara Taylor

Taylor is not a client of Plaintiff's counsel nor is she involved in proceedings relevant to this matter.  Therefore, Plaintiff does not take a stance toward Defendants' requests toward Taylor.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff asks this Court to deny Defendants' Motion to Compel and for Orders to Show Cause against Lisa Blair and Christina Glenn.  If the Court determines that responses are necessary for Christina Glenn, then Plaintiff asks the Court to allow 30 days for Plaintiff to respond.

Respectfully submitted,

*/s/ Dennis R. Fogarty*
DENNIS R. FOGARTY (0055563)
MATTHEW P. BARINGER (0082694)
**DAVIS & YOUNG**
35000 Chardon Road, Suite 100
Willoughby Hills, OH 44094
Ph:  (216) 348-1700
Fax: (216) 621-0602
Email: dfogarty@davisyoung.com
　　　　mbaringer@davisyoung.com
***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Court on December 15, 2022. Notice of this filing will be sent by operation of the Court's case management and electronic case filing system. Parties may access this filing through the Court's case management and electronic case filing system.

*/s/ Dennis R. Fogarty*
DENNIS R. FOGARTY (0055563)
MATTHEW P. BARINGER (0082694)
*Attorneys for Plaintiff*