UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN GUARINO GEDEON, | ) | CASE NO.:  4:22-CV-00441-BYP |
| | ) | |
| Plaintiff, | ) | JUDGE:  BENITA PEARSON |
| | ) | |
| vs. | ) | **DEFENDANTS' MOTION FOR** |
| | ) | **RECONSIDERATION** |
| MICHELLE NICOLE FRENCHKO, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

Now come Defendants Michelle Nicole Frenchko and Trumbull County Commissioners, by and through counsel, Mazanec, Raskin & Ryder Co., L.P.A., and respectfully move the Court reconsider its Opinion and Order denying Defendants' Motion to Compel and for Orders to Show Cause (ECF No. 54).

## I.   OVERVIEW

Defendants properly served non-parties Lisa Blair, Shara Taylor and Christine Glenn with subpoenas *duces tecum* in October 2022.  The non-parties did not object to the subpoenas. They did not move to quash the subpoenas.  They ignored the subpoenas.  Accordingly, Defendants filed a motion to compel and to show cause under Rule 45.[1]  The Court denied Defendants' motion without prejudice for failing to comply with Local Rule 37.1 and Paragraph 11 of the Court's CMC Scheduling Order (hereinafter collectively, "LR 37.1").

Defendants failed to explain in that motion their reasoning for "bypassing" the informal dispute resolution process outlined in LR 37.1. Defendants' decision was made thoughtfully, after

---

[1] Before filing their motion, Defendants did try to elicit a response to the subpoenas from Plaintiff's counsel who purported to represent the non-parties subpoenaed. Defendants' efforts were unavailing.

careful consideration of the rules and interpreting case law.  Defendants concluded then, as they urge the Court to conclude now, that LR 37.1 cannot be reasonably construed to apply to situation at bar.

## II.    LAW AND DISCUSSION

LR 37.1(a) outlines a default procedure by which parties may raise discovery disputes with the Court:

> (1) Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes. (2) The Judicial Officer may attempt to resolve the discovery dispute by telephone conference. (3) In the event the dispute is not resolved by the telephone conference, the parties shall outline their respective positions by letter and the Judicial Officer shall attempt to resolve the dispute without additional legal memoranda. (4) If the Judicial Officer still is unable to resolve the dispute, the parties may file their respective memoranda in support of and in opposition to the requested discovery by a date set by the Judicial Officer, who may schedule a hearing on the motion to compel.

The Court's CMC Scheduling Order (ECF No. 16) adopts and refines the process outlined in the Local Rule.

> Counsel shall comply with LR 37.1, which outlines a process for resolution of discovery disputes—steps that must be taken in advance of a party's filing of a discovery motion.  The first step requires the parties to make a sincere, good faith effort to resolve the dispute. Next, if the parties' sincere, good faith efforts have failed to resolve the dispute, the Court should be given informal notice, along with a certification of the effort made. This notice can be made by letter or a telephone call to chambers with both sides' counsel on the line. The Court may then choose to hold a telephonic conference or take other steps to resolve the dispute. If the Court is unable to resolve the dispute, the Court may authorize the filing of a discovery motion. LR 37.1. A discovery motion should only be filed after having been solicited by the Court.[2]

For the reasons that follow, Defendants respectfully contend that LR 37.1 was not implicated by Defendants' motion, that it remains impossible under existing circumstances for

---

[2] It bears noting that LR 37.1 and the Court's CMC Scheduling Order speak in terms of "parties."

Defendants to comply with LR 37.1, and that LR 37.1 does not apply to motions filed under Rule 45.

**A.    LR 37.1 Did Not Apply to Defendants' Motion Because the Non-Parties Have Never Disputed Defendants' Right to the Documents Subpoenaed.**

LR 37.1 provides that "[d]iscovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the *disputed discovery* has made, and certified to the Court the making of, sincere, good faith efforts to resolve such *disputes*." Here, the non-parties never objected to Defendants' subpoenas and Plaintiff (who lacks standing) only objected *after* Defendants filed their Rule 45 motion.  Accordingly, the discovery was not disputed when Defendants filed their motion and LR 37.1 did not apply. [3]

**B.    It is Impossible for Defendants to Follow LR 37.1 when Non-Parties Ignore Subpoenas Instead of Meeting their Obligations Under the Civil Rules.**

When subpoenas are duly served on non-parties, Rule 45 requires recipients to comply, object within no more than 14 days after service, or move to quash the subpoenas.[4]  Taylor, Blair and Glenn did none of these things.  They simply ignored the subpoenas.

Although Gedeon's counsel purports to represent two of the three non-parties in other matters, he did not object to the subpoenas on their behalves.  He did not enter a limited appearance

---

[3] Even now there is no "dispute" about Defendants' right to the subpoenaed documents.  The non-parties have never objected to the subpoenas served on them and Plaintiff lacks standing to object.

[4] Ironically, if the non-parties had moved to quash the subpoenas, LR 37.1 would not apply. *See Plain Loc. Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 118 (N.D. Ohio 2020) ("Local Rule 37.1 does not apply to non-parties seeking to quash subpoenas."). *James B. Oswald Co. v. Neate,* No. 1:22-CV-1107, 2022 WL 4386863, at *2 (N.D. Ohio Sept. 22, 2022).  *But see, Hopp v. Arthur J. Gallagher & Co.*, No. 1:18-CV-507, 2019 WL 109368, at *1 (N.D. Ohio Jan. 4, 2019) (assuming without analysis that LR 37.1 applied to non-parties' motion to quash subpoenas *duces tecum*, but declining to dismiss motion).

for them in this litigation.  Neither did any non-party appear *pro se* to seek relief from the Court.  Thus, it was and is impossible for Defendants to comply with LR 37.1.  There are no objections to the subpoenas from anyone with standing.  There is no one authorized to meet and confer with defense counsel about the non-existent objections, and there is no one to join defense counsel in a letter or a call to the Court.

###    C.    LR 37.1 Does Not Apply to Rule 45 Motions.

"The purpose of Rule 37 is to provide the mechanism by which Rules 26 to 36 can be made effective .... It has no application to a non-party's refusal to produce documents." *Edwards v. Dwyer*, No. 1:06-CV-1 CAS, 2011 WL 13277528, at *2 (E.D. Mo. June 23, 2011) (internal citations and quotations omitted).  This conclusion is supported by the plain terms of the rules themselves.  Rule 37 applies only to motions to compel discovery sought under Rules 26, 30, 31, 33 and 34 of the Rules of Civil Procedure*.  See* Fed. R.Civ.P. 37(a)(3)(identifying specific motions to compel contemplated by the rule); *see also, James B. Oswald Co. v. Neate*, No. 1:22-CV-1107, 2022 WL 4386863, at *2 (N.D. Ohio Sept. 22, 2022) (declining to require defendant who moved to quash subpoenas plaintiff served on non-parties to exhaust LR 37.1) ("The Rule [37] also contains several references to a motion to compel being the result of the discovery disputes contemplated by the Rule, which is not one of the motions pending before this Court.")

Although Rule 37 contains a "meet and confer" requirement, Rule 45 does not.  Instead, Rule 45(d)(2)(B)(i) broadly allows that, "*At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection*."  Thus, to the extent that LR 37.1 purports to graft Rule 37's "meet and confer" requirement onto Rule 45, Defendants submit that the local rule, as applied, exceeds the authority granted to district courts. *Williams v. U.S. Dist. Ct.,* 658 F.2d 430, 435 (6th

Cir. 1981) ("A district court's rule-making authority is derived from Fed.R.Civ.Pro. 83 and 28 U.S.C. s 2071. Rule 83 and Section 2071 prohibit a district court from issuing local rules which are inconsistent with the Federal Rules of Civil Procedure, Acts of Congress and rules of practice and procedure prescribed by the Supreme Court."); *see also, Miner v. Atlass,* 363 U.S. 641, 650 (1960) (local rules may not institute "basic procedural innovations").

## III.    CONCLUSION

For the reasons set forth above, Defendants respectfully ask the Court to reconsider its denial (ECF No. 54) of Defendants' Motion to Compel and for Orders to Show Cause (ECF No. 48) and to accept the motion as briefed by the parties.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Kathleen M. Minahan*
KATHLEEN M. MINAHAN  (0064989)
EDMOND Z. JABER (0096355)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:    kminahan@mrrlaw.com
ejaber@mrrlaw.com

*Counsel for Defendants Michelle Nicole Frenchko and Trumbull County Commissioners*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 29, 2022, a copy of the foregoing Defendants' Motion for Reconsideration was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>*s/Kathleen M. Minahan*</u>
KATHLEEN M. MINAHAN  (0064989)
EDMOND Z. JABER (0096355)

*Counsel for Defendants Michelle Nicole Frenchko and Trumbull County Commissioners*