PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN GUARINO GEDEON, | ) | |
| | ) | |
| | ) | CASE NO. 4:22CV441 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MICHELLE NICOLE FRENCHKO, *et al*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF No. 39] |

Pending before the Court is Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 39). Plaintiff Dawn Guarino Gedeon filed a brief in opposition. *See* ECF No. 45. Defendants replied. *See* ECF No. 47. Having reviewed the parties' submissions, and applicable law, the Court grants in part and denies in part Defendants' Motion for Partial Judgment on the Pleadings.

**I.     Background**

On October 19, 2022, Plaintiff Dawn Gedeon filed a first amended complaint asserting three claims. Count 1 alleges ancestry discrimination against the Board of Trumbull County Commissioners in violation of Title VII; and Count 2 and Count 3 allege defamation and intentional infliction of emotional distress, respectively, against Defendant Commissioner Frenchko in her individual capacity.[1] *See* ECF No. 37 at PageID #: 273-276. While employed

---

[1] The parties stipulate that Count 1 of the amended complaint is brought only under Title VII and only against the Board of Trumbull County Commissioners. *See* ECF No.

(4:22CV441)

as an office worker by the Board, Plaintiff alleges to have experienced disparate treatment in the workplace, after Defendant Frenchko became Commissioner. This disparate treatment, Plaintiff alleges, was in the form of derogatory and discriminatory comments made *via* social media and in the workplace[2]. *See* ECF No. 37 at PageID #: 270-271. Furthermore, Plaintiff alleges that Defendant Frenchko engaged in behavior that amounted to defamation. *See* ECF No. 37 at PageID #: 275. Plaintiff also alleges to have suffered from emotional distress because of Defendant Frenchko's intentional misconduct toward Plaintiff in the form of mental abuse toward Plaintiff in the workplace and creating a hostile work environment to force Plaintiff to resign from her employment. *See* ECF No. 37 at PageID #: 276.

## II. Standard of Review

The standard for deciding a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is indistinguishable from the standard for dismissals based on failure to state a claim under Fed. R. Civ. P. 12(b)(6). *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), or a motion for judgment on the pleadings under Rule 12(c), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To

---

39-1 at PageID #: 306. The parties also stipulate that Counts 2 and 3 of the amended complaint are brought only against Commissioner Niki Frenchko in her individual capacity. *See* ECF No. 39-1 at PageID #: 306. The Court accepts these stipulations by parties.
 [2] Plaintiff alleges that Defendant used derogatory comments against Italian American employees such as "henchmen", "minions", "hacks", "flying monkeys", "greasy", and "sausage makers."

2

(4:22CV441)

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Id.* at 570.  "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  The factual allegations in the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly, 550 U.S. at 555* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004)).  In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Erie Cty., Ohio v. Morton Salt, Inc., 702 F.3d 860, 863 (6th Cir. 2012)*.

3

(4:22CV441)

### III. Discussion

#### A. Punitive Damages

Defendants argue that the Board of Trumbull County Commissioners is a political subdivision and, thus, is not subject to punitive damages. *See* ECF No. 39 at PageID #: 303. Defendants assert, "Plaintiff cannot recover punitive damages…because punitive damages cannot be awarded in an action against a political subdivision unless there is a provision to the contrary." *Hooper v. Trimble Bd. of Educ.*, No. 2:21-CV-2749, 2021 WL 5877840 (S.D. Ohio Dec. 13, 2021). The Court agrees.

The Court finds that Plaintiff may, however, recover punitive damages against Defendant Frenchko in her individual capacity. *See* 42 U.S.C. § 1981a(b)(1). Therefore, Plaintiff's prayer for punitive damages persists only as to Defendant Frenchko in her individual capacity.

#### B. Defamation and Intentional Infliction of Emotional Distress

*1. Defamation*

Defendants argue that the Court should dismiss the defamation claim as a matter of law. *See* ECF No. 47. Defendants specify that Plaintiff fails to state a claim upon which relief can be granted, thus necessitating a dismissal. *See* ECF No. 39 at PageID #: 295-303. Plaintiff retorts that "[Defendant] Frenchko has made statements in public forums claiming Plaintiff mistreats her husband and children and has made false accusations towards Plaintiff's mental health." ECF No. 45 at PageID #: 320. "[T]o establish a prima facie case of defamation, a plaintiff must prove the following elements: (1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Hudik v. Fox News Network, LLC*, 512 F. Supp. 3d 816, 824 (M.D. Tenn. 2021).

4

(4:22CV441)

"[T]he publication requirement for defamation…only requires communication to a third party." *Green v. Mason*, 504 F. Supp. 3d 813, 830 (S.D. Ohio 2020) (citing *Welling v. Weinfeld*, 113 Ohio St.3d 464, 866 N.E.2d 1051 (2007)). Plaintiff asserts that Defendant Frenchko's alleged defamatory comments were made during a radio interview and through social media. *See* ECF No. 45 at PageID #: 322. Although Defendant denies the defamatory nature of her comments, she does not deny that they were made in public forums, thus satisfying the first element of defamation—the statements were published. *See* ECF No. 39 at PageID #: 297-298. In support of its motion, Defendant asserts the following:

> Plaintiff may find Commissioner Frenchko's statements unflattering, but she cannot prove them false or defamatory. First, the Channel 21 video clip about which Commissioner Frenchko commented shows Plaintiff confessing to the media, 'I treat my husband terrible, I treat my daughter terrible…because of what goes on here.' In her tweet, Commissioner Frenchko merely parroted and satirized Plaintiff's admission. Second, Plaintiff did ask the Industrial Commission to allow – in her allergy claim -- a health and behavior assessment and intervention ("HBAI") based on reported anxiety. The Industrial Commission denied that request. (Exhibit B.) Thus, Commissioner Frenchko's statement -- that Plaintiff's 'psych' claim had been denied – was substantially true.

*Id.* (internal citations omitted).

Conversely, Plaintiff argues that Defendant's Motion "invites this Court to go beyond the pleadings to examine evidence attached to their Motion that allegedly shows an admission by Plaintiff that she mistreats her family members." ECF No. 45 at PageID #: 322. Plaintiff also urges that the amended complaint adequately addresses each of the remaining elements required to establish a prima facie case of defamation.

Based on the record now before it, the Court denies the Motion for Partial Judgment on the Pleadings pertaining to the claim of Defamation.

5

(4:22CV441)

*2. Intentional Infliction of Emotional Distress*

Defendant Frenchko argues that Plaintiff fails to state a plausible claim for intentional infliction of emotion distress. See ECF No. 47. Defendant points out that "[t]o establish a claim of intentional infliction of emotional distress, a plaintiff must prove the following elements: '(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress.'" *Parker v. Midwest Loan Servs., Inc.*, No. 15-11708, 2016 WL 1242440 (E.D. Mich. Mar. 30, 2016). The alleged conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999)). Defendant argues that Plaintiff's amended complaint is "[u]naccompanied by any allegations about how her life has been altered. [So] the fact that Plaintiff sought counseling is insufficient to raise an inference that she suffered a serious emotional injury." ECF No. 47 at PageID #: 337. In support of her claim, Plaintiff notes that the amended complaint[3] (ECF No. 37) "details the extreme and outrageous conduct that ]Defendant] Frenchko – in a position of immense authority – directed towards Plaintiff and other employees in Trumbull County." ECF No. 45 at PageID #: 324.

Accepting Plaintiff's well-pleaded allegations as true, Plaintiff's amended complaint adequately addresses the elements necessary to establish a claim of Intentional Infliction of Emotional Distress. Therefore, at this stage of the litigation, the Court denies Defendants' Motion for Partial Judgment on the Pleadings pertaining to the claim of Intentional Infliction of Emotional Distress.

---

[3] *See* ECF No. 37 at PageID #: 276-277.

(4:22CV441)

*3. Summary*

Regarding the claims of Defamation and Intentional Infliction of Emotional Distress, the Court finds the Motion for Judgment on the Pleadings to be premature. A granting of the Motion for Judgment on the Pleadings, at this point in the proceedings, would deprive the parties of the opportunity to introduce proper evidence in support of their positions. Should Defendants remain steadfast in their position that, even with the presence of additional evidence, that Plaintiff has no claim to relief, Defendants can move for summary judgment pursuant to Fed R. Civ. P. 56. "Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Scola v. Publix Supermarkets, Inc.*, 557 F. App'x 458, 462 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). The Court, therefore, denies Defendants' Motion for Partial Judgment on the Pleadings pertaining to the claims of Defamation and Intentional Infliction of Emotional Distress.

### IV. Conclusion

For the reasons above, the Motion for Partial Judgment on the Pleadings is granted in that punitive damages may not be awarded against the Board of Trumbull County Commissioners. The Court also rules that Plaintiff may recover punitive damages against individual Defendant Frenchko, but only in her individual capacity. Lastly, the Court denies, as premature, the Motion for Partial Judgment on the Pleadings pertaining to the claims of Defamation and Intentional Infliction of Emotional Distress.

IT IS SO ORDERED.

| | |
|---|---|
| April 7, 2023 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |